IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | No. 1:14-cv-3282 |
| WEXFORD HEALTH SOURCES, INC., a Florida Corporation doing business in the State of Illinois; | ) ) ) ) | **TRIAL BY JURY REQUESTED** |
| PATRICIA SMITH in her individual and official capacities; | ) ) ) | |
| DIANNE ZUCCO in her individual and official capacities; | ) ) ) | |
| MEGAN EGGIMANN in her individual and official capacities; | ) ) ) | |
| MARY WALSH in her individual and official capacities; | ) ) ) | |
| REBECCA PASSONI in her individual and official capacities; | ) ) ) | |
| UNKNOWN WEXFORD NURSES JOHN DOE AND JANE DOE 1-25, in their individual and official capacities; AND | ) ) ) ) | |
| ROSALINA GONZALES, MD, in her individual and official capacities, | ) ) ) | |
| HEALTH PROFESSIONALS, LTD, an Illinois Corporation, | ) ) ) | |
| Defendants. | ) | |

## <u>PLAINTIFF'S THIRD AMENDED COMPLAINT AT LAW</u>

1

NOW COMES the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, by and through her attorneys, SHAY & ASSOCIATES and the NOLL LAW OFFICE, LLC, and in furtherance of her THIRD AMENDED COMPLAINT AT LAW, and against the Defendants, WEXFORD HEALTH SOURCES, INC., PATRICIA SMITH, DIANNE ZUCCO, MEGAN EGGIMANN, MARY WALSH, REBECCA PASSONI, UNKNOWN WEXFORD NURSES JOHN DOE and JANE DOE 1-10 and ROSALINA GONZALES, MD, states as follows that:

## NATURE OF CASE

1.      This suit arises pursuant to 42 USC § 1983, 740 ILCS 180/2, and 755 ILCS 5/27-6 to address deprivations of the Plaintiff's rights under the Constitution of the United States as well as negligent medical acts and omissions incurred by the Decedent, ALFONSO FRANCO, while incarcerated at the Illinois Department of Corrections, and that as a direct and proximate result, the Decedent, ALFONSO FRANCO, sustained pain, suffering, and eventual wrongful death.

2.      Further, the Decedent, ALFONSO FRANCO, is survived by several heirs, who have suffered the loss of love, companionship, and future financial support through the Decedent's untimely demise.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. § 1331 and 28 U.S.C. 1367(a).

4.      Venue is appropriate pursuant to 28 USC § 1391(b)(1) as:

        A. That the Defendant, WEXFORD HEALTH SOURCES, INC., is a corporation actively conducting business in the State of Illinois; and,

B. The Defendants, ROSALINA GONZALES, MD, PATRICIA SMITH, DIANNE ZUCCO, MEGAN EGGIMANN, MARY WALSH, and REBECCA PASSONI, are residents of the State of Illinois.

C. The Decedent, ALFONSO FRANCO, resided in the City of Chicago, State of Illinois prior to his incarceration, and his surviving spouse and two minor children also reside there; and,

D. The Defendant, HEALTH PROFESSIONALS, LTD, is an Illinois corporation that actively conducts business in the State of Illinois.

**PARTY PLAINTIFFS**

5.      Petitioner, LAURA BRITO, is the Independent Administrator of the Decedent, ALFONSO FRANCO, having been duly appointed as such by the Fourth Judicial Circuit Court of Christian County, in the State of Illinois, in Cause No. 14-P-28, *In the Matter of the Estate of Alfonso Franco, Deceased.*

6.      The Decedent, ALFONSO FRANCO, a United States citizen, resided in the City of Chicago, State of Illinois, prior to his incarceration at the Taylorville Correctional Facility in the City of Taylorville, County of Christian, State of Illinois. His heirs continue to reside in the City of Chicago.

**PARTY DEFENDANTS**

7.      The Defendant, WEXFORD HEALTH SOURCES, INC. ("WEXFORD") was at all times relevant hereto, a Florida Corporation conducting business in the State of Illinois. Further, WEXFORD contracted with the State of Illinois, under color of law, to provide medical care to persons incarcerated under the Illinois Department of Corrections ("IDOC"), and that this

contractual relationship included providing said medical services to persons at the Taylorville Correctional Center.

8.      The Defendant, PATRICIA SMITH, ("SMITH"), was at all relevant times a registered nurse licensed to practice medicine in the State of Illinois. Further, at all relevant times hereto, or on information and belief no later than September 1, 2011, SMITH was employed by, or acted as agent of, WEXFORD, and on information and belief, may have also been employed by, or acted as agent of, HEALTH PROFESSIONALS, LTD prior to September 1, 2011, and in furtherance of this relationship accepted the responsibility of providing medical services to persons incarcerated at the Taylorville Correctional Center, including to the Decedent, ALFONSO FRANCO.

9.      The Defendant, DIANNE ZUCCO, ("ZUCCO"), was at all relevant times a registered nurse licensed to practice medicine in the State of Illinois. Further, on information and belief, at all relevant times hereto, or no later than September 1, 2011, ZUCCO was employed by, or acted as agent of, WEXFORD, and on information and belief, may have also been employed by, or acted as agent of, HEALTH PROFESSIONALS, LTD prior to September 1, 2011, and in furtherance of this relationship accepted the responsibility of providing medical services to persons incarcerated at the Taylorville Correctional Center, including to the Decedent, ALFONSO FRANCO.

10.     The Defendant, MEGAN EGGIMANN, ("EGGIMANN"), was at all relevant times a registered nurse licensed to practice medicine in the State of Illinois. Further, on information and belief, at all relevant times hereto, or no later than September 1, 2011, EGGIMANN was employed by, or acted as agent of, WEXFORD, and on information and belief, may have also been employed by, or acted as agent of, HEALTH PROFESSIONALS, LTD, and in furtherance of this

4

relationship accepted the responsibility of providing medical services to persons incarcerated at the Taylorville Correctional Center, including to the Decedent, ALFONSO FRANCO.

11.     The Defendant, MARY WALSH, ("WALSH"), was at all relevant times a registered nurse licensed to practice medicine in the State of Illinois. Further, on information and belief, at all relevant times hereto, or no later than September 1, 2011, WALSH was employed by, or acted as agent of, WEXFORD, and on information and belief, may have also been employed by, or acted as agent of, HEALTH PROFESSIONALS, LTD prior to September 1, 2011, and in furtherance of this relationship accepted the responsibility of providing medical services to persons incarcerated at the Taylorville Correctional Center, including to the Decedent, ALFONSO FRANCO.

12.     The Defendant, REBECCA PASSONI, ("PASSONI"), was at all relevant times a registered nurse licensed to practice medicine in the State of Illinois.  Further, on information and belief, at all relevant times hereto, or no later than September 1, 2011, PASSONI was employed by, or acted as agent of, WEXFORD, and on information and belief, may have also been employed by, or acted as agent of, HEALTH PROFESSIONALS, LTD prior to September 1, 2011, and in furtherance of this relationship accepted the responsibility of providing medical services to persons incarcerated at the Taylorville Correctional Center, including to the Decedent, ALFONSO FRANCO.

13.     The Defendants, UNKNOWN WEXFORD NURSES JOHN DOE AND JANE DOE 1-25, ("DOES"), were at all relevant times registered nurses licensed to practice medicine in the State of Illinois.  Further, on information and belief, at all relevant times hereto, or no later than September 1, 2011, DOES were employed by, or acted as agents of, WEXFORD, and on information and belief, may have also been employed by, or acted as agent of, HEALTH

PROFESSIONALS, LTD, prior to September 1, 2011, and in furtherance of this relationship accepted the responsibility of providing medical services to persons incarcerated at the Taylorville Correctional Center, including to the Decedent, ALFONSO FRANCO. The names of the DOES are currently unknown and will be determined in the discovery process.

14.     The Defendant, ROSALINA GONZALES, ("GONZALES"), was at all relevant times a physician licensed to practice medicine in the State of Illinois.  Further, on information and belief, at all relevant times hereto, or no later than September 1, 2011, GONZALES was employed by, or acted as agent of, WEXFORD, and on information and belief, may have also been employed by, or acted as agent of, HEALTH PROFESSIONALS, LTD prior to September 1, 2011, and in furtherance of this relationship accepted the responsibility of providing medical services to persons incarcerated at the Taylorville Correctional Center, including to the Decedent, ALFONSO FRANCO.

15.     The Defendant, HEALTH SOURCES, LTD (HEALTH SOURCES), on information and belief, was at all times relevant hereto, an Illinois Corporation conducting business in the State of Illinois.  Further, HEALTH SOURCES contracted with the State of Illinois, under color of law, to provide medical care to persons incarcerated under the Illinois Department of Corrections ("IDOC"), and that this contractual relationship included providing said medical services to persons at the Taylorville Correctional Center.

**BACKGROUND FACTS**

16.     The Decedent, ALFONSO FRANCO, was born on October 11, 1958, and died on August 8, 2012.

17.     On or about December 18, 2009, the Decedent, ALFONSO FRANCO, was incarcerated within the Illinois Department of Corrections ("IDOC").

18.     Throughout the time of incarceration, the Decedent, ALFONSO FRANCO, was over 50 years of age.

19.     Upon his incarceration, the Defendant, ALFONSO FRANCO, outwardly appeared to be in good health, but the results of laboratory testing ordered on or about December 28, 2009, revealed abnormal liver enzymes and lipids.

20.     On or about October 13, 2010, the Decedent, ALFONSO FRANCO, was examined by a Defendant, PASSONI and complained of difficulty with defecation.

21.     The Decedent, ALFONSO FRANCO, informed the nurse at the Taylorville Correctional Center and explained that the constipation had occurred before and required that he drink milk.

22.     The Decedent, ALFONSO FRANCO, was assessed with "Constipation," and was prescribed 30cc of Milk of Magnesia and advised to increase his level of physical activity, eat fruits and vegetables, and increase his fluid intake.

23.     No medical workup was ordered.

24.     On October 15, 2010, the Decedent, ALFONSO FRANCO, again informed medical staff at the Taylorville Correctional Center, including Defendant, EGGIMANN, that he continued to suffer from severe constipation, and could not defecate without drinking milk.

25.     No change of treatment plan was provided and no medical workup ordered.

26.     The Decedent, ALFONSO FRANCO, continued to consistently present to medical staff at the Taylorville Correctional Center with complaints of constipation and on October 19, 2010, the Defendant, GONZALES, evaluated the Decedent and diagnosed "Constipation."

27.     On October 19, 2010, the Defendant, GONZALES, did not order a medical workup or colonoscopy.

28.     Over the following months, the Decedent, ALFONSO FRANCO, repeatedly presented to the medical staff at the Taylorville Correctional Center with complaints of severe constipation, and was continually prescribed Milk of Magnesia or Metamucil.   Further, that on February 16, 2011, the Decedent, ALFONSO FRANCO, continue to complain of the constipation to Defendant, ZUCCO, who did not provide a referral for physician evaluation.

29.     On February 17, 2011, the Defendant, GONZALEZ, examined the Decedent, ALFONSO FRANCO, but did not order any laboratory testing or colonoscopy despite the ongoing constipation.  The Defendant, SMITH, was also present.

30.     On August 16, 2011, the Decedent, ALFONSO FRANCO, was again examined by GONZALES with complains of constipation.  No diagnostic workup was ordered.

31.     On November 11, 2011, the Decedent, ALFONSO FRANCO, reported the Defendant, EGGIMANN, that he had no bowel movement for three days, and that the Metamucil was not relieving his symptoms.  EGGIMANN did not provide a physician referral.

32.     Further, the Decedent, ALFONSO FRANCO, began to experience lower back pain.

33.     No colonoscopy was ordered on November 11, 2011.

34.     On November 14, 2011, the Defendant, GONZALES, examined the Decedent, ALFONSO FRANCO.  She continued to prescribe Metamucil and did not order any medical workups.   The Decedent, ALFONSO FRANCO, weighed approximately 168 pounds.

35.     On November 28, 2011, the Decedent, ALFONSO FRANCO, again presented to the Defendants, GONZALES and WALSH, with complaints of constipation.  No colonoscopy was ordered.  His weight had dropped to 164 pounds.

36.     The Decedent, ALFONSO FRANCO, presented with continued complaints on November 17, 2011, and November 28, 2011, and began to complain of pain with movement.

8

37.     No colonoscopy was ordered by Defendant, GONZALES, following her examination of the Decedent.

38.     Throughout the month of December 2011, the Decedent, ALFONSO FRANCO, continued to present with complaints of severe constipation to the nursing staff at Taylorville Correctional Center, and the nursing staff was aware of the Decedent, ALFONSO FRANCO's, ongoing complaints.

39.     On December 12, 2011, the Decedent, ALFONSO FRANCO, began to exhibit nausea during his medical visit with Defendant, GONZALES.

40.     In response, the Defendant, GONZALES, ordered an abdominal x-ray, a diagnostic technique incapable of revealing carcinoma.

41.     On December 19, 2011, the Decedent, ALFONSO FRANCO, advised the Defendant, GONZALES, that he was unable to urinate.  Laboratory analysis was requested. That same day, the Defendant, EGGIMANN, informed the Decedent of his pending laboratory analysis.

42.     On December 23, 2011, the Defendant, GONZALES, thereafter diagnosed hemorrhoids, opining that no new treatment was necessary.  She again failed to order a colonoscopy or significant medical workup that would result in the correct diagnosis of colon cancer.  Defendant, EGGIMANN, was present for the laboratory results and resultant treatment plan of Metamucil.

43.     On December 25, 2011, and December 27, 2011, the Decedent, ALFONSO FRANCO, continued to present to the medical staff at the Taylorville Correctional Center, including the Defendants, GONZALES, EGGIMANN, and WALSH, with complaints of severe constipation. He was continually prescribed Milk of Magnesia or Metamucil suppositories.

44.     On January 2, 2012, the Decedent, ALFONSO FRANCO, presented to the Defendant, PASSINI, at Taylorville Correctional Facility, with the same complaints.

45.     The Decedent, ALFONSO FRANCO, advised that he had found blood in his stool and was suffering from increased rectal pain.

46.     The medical staff again referred the Decedent to the Defendant, GONZALES, for an examination.

47.     On January 10, 2012, the Decedent, ALFONSO FRANCO, was examined by the Defendant, GONZALES, who evaluated a healed sore on the side of the Decedent's infected hair follicle, but did not address the rectal bleeding and did not order a colonoscopy. The Defendant, SMITH, was also involved in the assessments and treatments, and also made no note of the ongoing constipation or other symptomology present that was indicative of anal carcinoma.

48.     On March 13, 2012, the Decedent, ALFONSO FRANCO, again reported to the Defendant, EGGIMANN, at the Taylorville Correctional Facility with complaints of rectal bleeding and rectal pain.

49.     On March 14, 2012, the Defendant, GONZALES, observed the rectal bleeding, found no obstruction of the rectal vault, and diagnosed the Decedent with hemorrhoids.

50.     Dr. Gonzales did not order a colonoscopy at that time.

51.     The Decedent, ALFONSO FRANCO's, symptoms persisted, and the dosage of his suppositories were thereafter increased in parallel to his increasing symptomology.

52.     On March 27, 2012, the Decedent, ALFONSO FRANCO, reported to Defendant, EGGIMANN, that he had not passed a bowel movement in five days.

53.     On April 18, 2012, April 26, 2012, and May 02, 2012, the Defendant, GONZALES, again examined the Decedent, ALFONSO FRANCO, and noted blood in his stool.     The

Defendant, SMITH, was also present on April 26 and May 02, 2012, and also failed to request any further diagnostic workups.  Neither Defendant requested evaluation as to how the Decedent, ALFONSO FRANCO, had come to weigh 151 pounds.

54.     The Defendant, GONZALES, did not order a colonoscopy and, instead, arranged for another x-ray and laboratory analysis of the Decedent's blood draw.

55.     On May 23, 2012, the Decedent, ALFONSO FRANCO, reported increased abdominal pain and pressure, back pain, and constipation, causing the Defendant, EGGIMANNN, to note that the Hispanic gentleman had become "pale."

56.     The back pain progressed and radiated down the Decedent's right leg. The Decedent, ALFONSO FRANCO, described light headedness, dizziness, and ongoing vertigo.

57.     On May 24, 2012, the Decedent, ALFONSO FRANCO's, weight had dropped to approximately 146 pounds.

58.     The Defendants, GONZALES and SMITH, evaluated the Decedent following his complaints of dizziness, abdominal pain, and constipation, but again failed to order a colonoscopy. The Decedent, ALFONSO FRANCO, became upset and left.

59.     On May 31, 2012, the Decedent, ALFONSO FRANCO, warned medical staff that he was in pain all day and was leaking stool at night.

60.     On June 15, the Defendants, GONZALES and WALSH, again evaluated the Decedent, ALFONSO FRANCO, and failed to order any significant diagnostic studies.

61.     Or about June 18, 2012, one of the Decedent's daughters contacted medical staff at the Taylorville Correctional Center and advised that the Decedent had been unable to eat for two weeks and was passing blood clots.

62.     Upon medical evaluation, the Decedent, ALFONSO FRANCO, was noted by the Defendant, EGGIMANN, to be vomiting three times per day, after consumption of meals.

63.     The Decedent had become weak.

64.     The abdominal pain continued and his skin appeared discolored.

65.     The Defendants, GONZALES and SMITH, again diagnosed hemorrhoids again and had the Decedent, ALFONSO FRANCO, moved to the prison infirmary.  A hepatitis panel was ordered, but not a colonoscopy.

66.     No colonoscopy was ordered.

67.     While in the infirmary, the Decedent, ALFONSO FRANCO, continued to exhibit bloody stools, abdominal discomfort, poor appetite, vomiting, and a painful rectal area.

68.     He was placed in diapers.  On June 19, 2012, the Defendant, SMITH, instructed the Decedent, ALFONSO FRANCO, to show the nursing staff all stools passed, but did not order any further diagnostic workups, or otherwise engage in any further meaningful assessments.

69.     On June 21, 2012, stool and blood samples were collected.

70.     On June 23, 2012, the Defendant, EGIMMAN, continued to document the Decedent, ALFONSO FRANCO'S, declining status, noting him to be afebrile.

71.     On June 25, 2012, additional x-rays were ordered.

72.     By July of 2012, the Decedent, ALFONSO FRANCO's, stool had become yellow and watery, with dark red blood entrenched within the same, and his stomach had become softly distended.  The back pain continued.

73.     No significant pain medication was provided by nursing staff or the Defendant, GONZALES, although the same were aware of his excruciating pain.

74.     On July 8, 2012, the Decedent, ALFONSO FRANCO, failed to eat for 18 hours.

75.     The Decedent was transported to the Taylorville Memorial Hospital.

76.     Upon presentation at the Taylorville Memorial Hospital, the Decedent, ALFONSO FRANCO, was examined by Dr. David Harvey ("Dr. Harvey"), Emergency Room physician.

77.     Dr. Harvey conducted an initial rectal examination.

78.     Dr. Harvey assessed that no external hemorrhoids existed, but that either extensive tumors or internal hemorrhoids existed in the rectum.

79.     As a result of the examination, Dr. Harvey immediately ordered extensive CT radiological examinations, which revealed extensive metastatic disease of the liver, tumors in the rectum, and metastatic lesions of the left lung field.

80.     Dr. Harvey telephoned the Defendant, GONZALES, and the Decedent, ALFONSO FRANCO, was thereafter transferred to St. John's Hospital for further evaluation.

81.     On July 9, 2012, Dr. Jan Rakinic, colorectal surgeon, diagnosed Stage 4 rectal cancer.

82.     Dr. Rakinic opined that over 70% of the Decedent, ALFONSO FRANCO'S, liver had been replaced by the invasive tumor.

83.     This diagnosis occurred approximately twenty-four hours after the Decedent, ALFONSO FRANCO, was removed from the care and control of the Defendants.

84.     On July 11, 2012, a colonoscopy was performed and revealed a 20 centimeter polyp located in the sigmoid colon.  The Decedent, ALFONSO FRANCO, was returned to Taylorville Correctional Center infirmary, and he received palliative oncological care.

85.     The Decedent, ALFONSO FRANCO, passed away from Stage IV colorectal cancer on August 8, 2012, less than one month later.

86.     The Decedent, ALFONSO FRANCO, suffered extreme pain and suffering prior to his death.

87.     At the time of his death, the Decedent, ALFONSO FRANCO, was survived by the following heirs, to wit:

      (1)     Laura Mora, wife of the Decedent;

      (2)     Blanca Franco, daughter of the Decedent, who is of the age of majority and under no disability;

      (3)     Monica Franco, daughter of the Decedent, who is of the age of majority and under no disability;

      (4)     N.F., minor daughter of the Decedent; and,

      (5)     A.F., minor son of the Decedent.

88.     The heirs of the Decedent, ALFONSO FRANCO, suffered injury as a result of the Decedent's untimely death, including but not limited to, loss of society and companionship, pain, suffering, the loss of future financial support and grief.

89.     At all times relevant to this Complaint, colonoscopy remained the standard and reasonable level of care provided to nonsymptomatic males over the age of 50 to ensure colorectal health.

90.     At all times relevant to this Complaint, colonoscopic procedures are also the standard of care when assessing males over the age of 50, who actively exhibit gastroenterological or rectal symptomology.

91.     At all relevant times to this Complaint, the Defendant, GONZALES, treated the Decedent, ALFONSO FRANCO, and acted as the same's primary care physician.

92.     At all relevant times to this Complaint, the Defendants, SMITH, ZUCCO, EGGIMANN, WALSH, PASSONI, and DOES, treated the Decedent, ALFONSO FRANCO, and acted as the same's nurse.

93.     The Defendants, GONZALES, SMITH, ZUCCO, EGGIMANN, WALSH, PASSONI, and DOES, therefore owed a duty of care to the Decedent, ALFONSO FRANCO, to act in compliance with the accepted practices within the medical community, when assessing the Decedent, ALFONSO FRANCO'S, complaints and symptomology.

**COUNT I**
**DELIBERATE INDIFFERENCE - 8th AMENDMENT**
**ROSALINA GONZALES, MD**
**INDIVIDUAL CAPACITY**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count I.

94.     The Defendant, GONZALES, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable and adequate medical care during his incarceration at the Taylorville Correctional Center.

95.     At all times relevant to this Complaint, the Defendant, GONZALES, acted under the color of law, and was bound to uphold the 8th Amendment when treating patients at the Taylorville Correctional Center.

96.     As a result of his incarceration, the Decedent, ALFONSO FRANCO, was dependent upon the medical care provided by the Defendant, GONZALES.

97.     The Defendant, GONZALES, had notice and/or actual knowledge of the Decedent, ALFONSO FRANCO's, deteriorating medical condition and ongoing symptomology.

98.     The Defendant, GONZALES, knew that the Decedent, ALFONSO FRANCO, suffered risk of great bodily harm, including death, if reasonable medical services were not provided.

99.     The Defendant, GONZALES, knowingly and unreasonably disregarded the significant risk of harm to the Decedent, ALFONSO FRANCO's, health and safety by failing to provide adequate medical care, in violation of the rights afforded to him under the United States Constitution.

100.    The Defendant, GONZALES, exhibited deliberate indifference to the Decedent, ALFONSO FRANCO's, symptomology, deteriorating medical condition and constitutional rights.

101.    As a direct and proximate result of the actions and inactions of the Defendant, GONZALES, and her deliberate indifference to the Decedent, ALFONSO FRANCO's, serious medical needs, the Decedent, ALFONSO FRANCO, developed Stage 4 colorectal cancer, which metastasized and resulted in his untimely death.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, ROSALINA GONZALES, MD, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Punitive damages in an amount to be determined at trial;

C.  Reasonable attorney's fees and costs; and

D.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT II

## <u>WRONGFUL DEATH – 740 ILCS 180/2</u>
## <u>ROSALINA GONZALES, MD</u>
## <u>INDIVIDUAL CAPACITY</u>

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count II.

94.   As detailed above, the Defendant, GONZALES, breached her duty of a reasonably well qualified physician to the Decedent by negligently committing one, more, or all of the following acts or omissions:

   (a)   Ignoring or disregarding the serious medical needs of the Decedent;

   (b)   Failing to properly diagnose the Decedent's condition;

   (c)   Failing to properly treat the Decedent's condition;

   (d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

   (e)   Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, GONZALES, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

96.   The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and grief as a result of the Decedent, ALFONSO FRANCO's, death.

97.   Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, ROSALINA GONZALES, MD, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT III**
**WRONGFUL DEATH – 740 ILCS 180/2**
**WEXFORD HEALTH SOURCES**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count III.

94.     At all times relevant to the Complaint herein, the Defendant, WEXFORD, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.  Further, that no later than September 1, 2011, this contractual responsibility extended to persons incarcerated at the Taylorville Correctional Center.

95.     As detailed above, the Defendant, WEXFORD, through the Defendant, GONZALES, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

18

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, GONZALES, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

98.     WEXFORD is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, GONZALES.

99.     Specifically, the Defendant, GONZALES, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

100.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT IV
### SURVIVAL ACTION – 755 ILCS 5/27-6
### ROSALINA GONZALES
### INDIVIDUAL CAPACITY

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count IV.

94.   That as detailed above, the Defendant, GONZALES, breached her duty of a reasonably well qualified physician to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)   Ignoring or disregarding the serious medical needs of the Decedent;

(b)   Failing to properly diagnose the Decedent's condition;

(c)   Failing to properly treat the Decedent's condition;

(d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

(e)   Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, GONZALES, the Decedent, ALFONSO FRANCO, experienced pain and suffering up until the time of his death on August 8, 2012.

96.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, ROSALINA GONZALES, MD, as follows:

A.   Compensatory damages in an amount to be determined at trial; and

B.   Reasonable attorney's fees and costs; and

C.   For such other and further relief that this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT V
## SURVIVAL ACTION – 755 ILCS 5/27-6
## WEXFORD HEALTH SOURCES

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count V.

94.     As detailed above, the Defendant, WEXFORD, through its relationship with the Defendant, GONZALES, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, GONZALES, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

96.     WEXFORD is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, GONZALES.

97.     Specifically, the Defendant, GONZALES, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT VI
## MONELL CLAIM
## WEXFORD HEALTH SOURCES

1-93.    The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count VI.

94.    The Defendants were responsible for providing the Decedent, ALFONSO FRANCO, with reasonable and adequate medical care during his incarceration at the Taylorville Correctional Center.

95.    At all times relevant to the Complaint the Defendant, WEXFORD, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to said contract, was responsible for providing health care to persons incarcerated with the IDOC, and no later than September 01, 2011, this contractual relationship and responsibility extended to persons incarcerated at the Taylorville Correctional Center.

96.    Pursuant to that contractual relationship, the Defendant, WEXFORD, acted under color of law as the pertinent provider of healthcare services to persons incarcerated with IDOC, and was responsible for the creation, implementation, oversight, and supervision of the policies, procedures and customs followed by WEXFORD nurses, employees, and agents, including the Defendant, GONZALES, who acted as medical provider to incarcerated individuals.

97.    This contractual responsibility extended to encompass the medical treatment of the Decedent, ALFONSO FRANCO.

98.    At all times relevant to this Complaint, the Defendant, WEXFORD, maintained a widespread practice, policy, or custom under which inmates with serious medical conditions were denied access to reasonable, proper, and necessary medical care, including but not limited to the routine use of colonoscopies to men over the age of fifty, and in particular men exhibiting suspicious colorectal activity.

99.     As a result of this practice, policy, or custom, incarcerated patients in IDOC who suffer from serious medical conditions are frequently denied reasonable, proper, and medical care, whether by delay, complete denial of treatment, or severe undertreatment.

100.     At all times relevant to this Complaint, the policies and customs of the Defendant, WEXFORD, manifested in the frequent failure and refusal of its employees to provide proper or adequate medical care to incarcerated patients whom they knew to have serious medical conditions, including but not limited to the avoidance and/or delay in ordering anything other than relatively inexpensive, routine testing for incarcerated patients whose symptomology clearly and reasonably warranted more accurate, sophisticated, invasive, and/or costly testing or treatment.

101.     At all times relevant to this Complaint, the policies and customs of the Defendant, WEXFORD, manifested in the routine administration of, at most, medications and treatments that did not attempt to diagnose or assess the incarcerated patient's underlying medical condition, but instead focused solely on treating the patient's manifested symptoms.

102.     Further, this policy, practice and custom often resulted in the exacerbation or worsening of the patient's underlying medical condition, as the same often remained undiagnosed or undertreated.

103.     At all times relevant to this Complaint, the Defendant, WEXFORD, knowingly maintained a widespread practice, policy, or custom at IDOC facilities, wherein its nurses, employees, or agents knowingly and willfully failed or refused to:

(a)     Properly examine an incarcerated patient with a serious medical condition; and,

(b)     Provide incarcerated patients with necessary referrals or orders for more accurate, sophisticated, invasive, and/or costly testing or treatment that was

24

clearly called for by established medical guidelines and accepted practices within the medical community.

104. Pursuant to its contractual relationship with IDOC, the Defendant, WEXFORD, held a constitutional obligation to maintain and provide adequate and appropriate medical evaluations and treatments for incarcerated patients at the Taylorville Correctional Center.

105. As a result of his incarceration, the Decedent, ALFONSO FRANCO, was dependent upon the medical care that the Defendants, WEXFORD and GONZALES, provided.

106. The Defendants, WEXFORD, by virtue of its relationship with its employee or agent, GONZALES, had notice and/or knowledge of the Decedent, ALFONSO FRANCO's, deteriorating medical condition and ongoing symptomology.

107. The Defendants, WEXFORD and GONZALES, knew that the Decedent, ALFONSO FRANCO, suffered risk of great bodily harm, including death, if reasonable medical services were not provided, and failed to provide those services.

108. As a direct and proximate result of the unconstitutional and widespread policies, practices and customs of the Defendant, WEXFORD, as set forth herein, the Decedent, ALFONSO FRANCO, was deprived of his rights under the United States Constitution and suffered injury, including his eventual death.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A. Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT VII**
**WRONGFUL DEATH – 740 ILCS 180**
**PATRICIA SMITH**
**INDIVIDUAL CAPACIY**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count VII.

94.   That on information and belief, the Defendant, SMITH, as a reasonably well qualified nurse, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.   Further, that the Defendant, SMITH, thereafter breached her duty as a reasonably well qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)   Ignoring or disregarding the serious medical needs of the Decedent;

(b)   Failing to properly diagnose the Decedent's condition;

(c)   Failing to properly treat the Decedent's condition;

(d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

(e)   Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, SMITH, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and grief as a result of the Decedent, ALFONSO FRANCO's, death.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, PATRICIA SMITH, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT VIII
### WRONGFUL DEATH – 740 ILCS 180/2
### WEXFORD HEALTH SOURCES

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count VIII.

94.     At all times relevant to the Complaint, herein, the Defendant, WEXFORD, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois

Department of Corrections.  Further, that this contractual relationship and exended to persons incarcerated at the Taylorville Correctional Center no later than September 1, 2011.

95.     As detailed above, the Defendant, WEXFORD, through the Defendant, SMITH, breached its duty to the Decedent by negligently committing one or more of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, SMITH, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

98.     WEXFORD is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, SMITH.

99.     Specifically, that the Defendant, SMITH, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

100.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT IX**
**SURVIVAL ACTION – 755 ILCS 5/27-6**
**PATRICIA SMITH**
**INDIVIDUAL CAPACITY**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count IX.

94.     That on information and belief, the Defendant, SMITH, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.     Further, that the Defendant, SMITH, thereafter breached her duty as a reasonably well qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, SMITH, the Decedent, ALFONSO FRANCO, experienced pain and suffering up until the time of his death on August 8, 2012.

97.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, PATRICIA SMITH, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief that this court deems reasonable.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT X**
**SURVIVAL ACTION – 755 ILCS 5/27-6**
**WEXFORD HEALTH SOURCES**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count X.

94.   As detailed above, the Defendant, WEXFORD, through its relationship with the Defendant, SMITH, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)   Ignoring or disregarding the serious medical needs of the Decedent;

(b)   Failing to properly diagnose the Decedent's condition;

(c)   Failing to properly treat the Decedent's condition;

(d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)   Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

96.   WEXFORD is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, SMITH.

97.     Specifically, the Defendant, SMITH, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XI
## WRONGFUL DEATH – 740 ILCS 180/2
## DIANNE ZUCCO
## INDIVIDUAL CAPACITY

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XI.

94.     That on information and belief, the Defendant, ZUCCO, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.     Further, that the Defendant, ZUCCO, thereafter breached her duty as a reasonably qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, ZUCCO, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and grief as a result of the Decedent, ALFONSO FRANCO's, death.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, ZUCCO, as follows:

D.  Compensatory damages in an amount to be determined at trial;

E.  Reasonable attorney's fees and costs; and

For such other and further relief as this court deems reasonable

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT XII
### WRONGFUL DEATH – 740 ILCS 180/2
### WEXFORD HEALTH SOURCES

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XII.

94.   At all times relevant to the Complaint, herein, the Defendant, WEXFORD, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections, including but not limited to persons incarcerated at the Taylorville Correctional Center.

95.   As detailed above, the Defendant, WEXFORD, through the Defendant, ZUCCO, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

    (a)   Ignoring or disregarding the serious medical needs of the Decedent;

    (b)   Failing to properly diagnose the Decedent's condition;

    (c)   Failing to properly treat the Decedent's condition;

    (d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, ZUCCO, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

98.     WEXFORD is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, ZUCCO.

99.     Specifically, that the Defendant, ZUCCO, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

100.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT XIII**
**SURVIVAL ACTION – 755 ILCS 5/27-6**
**DIANNE ZUCCO**
**INDIVIDUAL CAPACITY**

1-93.    The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XIII.

94.    That on information and belief, the Defendant, ZUCCO, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.    As detailed above, the Defendant, ZUCCO, breached her duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

    (1)    Ignoring or disregarding the serious medical needs of the Decedent;

    (2)    Failing to properly diagnose the Decedent's condition;

    (3)    Failing to properly treat the Decedent's condition;

    (4)    Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

    (5)    Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, ZUCCO, the Decedent, ALFONSO FRANCO, experienced pain and suffering up until the time of his death on August 8, 2012.

97.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, DIANNE ZUCCO, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief that this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT XIV
### SURVIVAL ACTION – 755 ILCS 5/27-6
### WEXFORD HEALTH SOURCES

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XIV.

94.     As detailed above, the Defendant, WEXFORD, through its relationship with the Defendant, ZUCCO, breached its duty as a reasonably well qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

96.     WEXFORD is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, ZUCCO.

97.     Specifically, the Defendant, ZUCCO, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT XV**
**WRONGFUL DEATH – 740 ILCS 180/2**
**MEGAN EGGIMANN**
**INDIVIDUAL CAPACITY**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XV.

94.    That on information and belief, the Defendant, EGGIMANN, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.    As detailed above, the Defendant, EGGIMANN, breached her duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

      (a)    Ignoring or disregarding the serious medical needs of the Decedent;

      (b)    Failing to properly diagnose the Decedent's condition;

      (c)    Failing to properly treat the Decedent's condition;

      (d)    Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

      (e)    Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, EGGIMANN, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.    The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and grief as a result of the Decedent, ALFONSO FRANCO's, death.

98.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, MEGAN EGGIMANN, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

**COUNT XVI**
**WRONGFUL DEATH – 740 ILCS 180/2**
**WEXFORD HEALTH SOURCES**

1-93.  The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count  XVI.

94.      At all times relevant to the Complaint, herein, the Defendant, WEXFORD, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.  Further, that no later than 1 September, 2011, this contractual relationship and responsibility extended to persons incarcerated at the Taylorville Correctional Center.

95.      As detailed above, the Defendant, WEXFORD, through the Defendant, EGGIMANN, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

(a)      Ignoring or disregarding the serious medical needs of the Decedent;

(b)      Failing to properly diagnose the Decedent's condition;

(c)      Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, EGGIMANN, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

98.     WEXFORD is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, EGGIMANN.

99.     Specifically, that the Defendant, EGGIMANN, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

100.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XVII
### SURVIVAL ACTION – 755 ILCS 5/27-6
### MEGAN EGGIMANN
### INDIVIDUAL CAPACITY

1-93.  The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XVII.

94.  That on information and belief, the Defendant, EGGIMANN, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.  As detailed above, the Defendant, EGGIMANN, breached her duty as a reasonably well qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(1)  Ignoring or disregarding the serious medical needs of the Decedent;

(2)  Failing to properly diagnose the Decedent's condition;

(3)  Failing to properly treat the Decedent's condition;

(4)  Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

(5)  Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

42

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, EGGIMANN, the Decedent, ALFONSO FRANCO, experienced pain and suffering up until the time of his death on August 8, 2012.

97.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, MEGAN EGGIMANN, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief that this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XVIII
## SURVIVAL ACTION – 755 ILCS 5/27-6
## WEXFORD HEALTH SOURCES

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XVIII.

94.     As detailed above, the Defendant, WEXFORD, through its relationship with the Defendant, EGGIMANN, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

    (d)      Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

    (e)      Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, EGGIMANN, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

96.    WEXFORD is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, EGGIMANN.

97.    Specifically, the Defendant, EGGIMANN, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

98.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT IXX
### WRONGFUL DEATH – 740 ILCS 180/2
### MARY WALSH
### INDIVIDUAL CAPACITY

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count IXX.

94.    That on information and belief, the Defendant, WALSH, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.    As detailed above, the Defendant, WALSH, breached her duty as a reasonably well qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)    Ignoring or disregarding the serious medical needs of the Decedent;

(b)    Failing to properly diagnose the Decedent's condition;

(c)    Failing to properly treat the Decedent's condition;

(d)    Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

(e)    Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, WALSH, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and grief as a result of the Decedent, ALFONSO FRANCO's, death.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, MARY WALSH, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XX
## WRONGFUL DEATH – 740 ILCS 180/2
## WEXFORD HEALTH SOURCES

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XX.

94.     At all times relevant to the Complaint, herein, the Defendant, WEXFORD, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections, including but not limited to persons incarcerated at the Taylorville Correctional Center.

95. As detailed above, the Defendant, WEXFORD, through the Defendant, WALSH, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

    (a)    Ignoring or disregarding the serious medical needs of the Decedent;

    (b)    Failing to properly diagnose the Decedent's condition;

    (c)    Failing to properly treat the Decedent's condition;

    (d)    Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

    (e)    Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, WALSH, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97. The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

98. WEXFORD is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, WALSH.

99. Specifically, that the Defendant, WALSH, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

100.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XXI
## SURVIVAL ACTION – 755 ILCS 5/27-6
## MARY WALSH
## INDIVIDUAL CAPACITY

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXI.

94.     That on information and belief, the Defendant, WALSH, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.     As detailed above, the Defendant, WALSH, breached her duty of a reasonably well qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

48

     (c)     Failing to properly treat the Decedent's condition;

     (d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

     (e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, WALSH, the Decedent, ALFONSO FRANCO, experienced pain and suffering up until the time of his death on August 8, 2012.

97.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, MARY WALSH, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief that this court deems reasonable.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XXII
## SURVIVAL ACTION – 755 ILCS 5/27-6
## WEXFORD HEALTH SOURCES

1-93.     The Plaintiff hereby incorporates paragraphs 1-93, above, as and for its paragraphs 1-93 of this Count XXII.

94.     As detailed above, the Defendant, WEXFORD, through its relationship with the Defendant, WALSH, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, WALSH, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

96.     WEXFORD is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, WALSH.

97.     Specifically, the Defendant, WALSH, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT XXIII**
**WRONGFUL DEATH – 740 ILCS 180/2**
**REBECCA PASSONI**
**INDIVIDUAL CAPACITY**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXIII.

94.     That on information and belief, the Defendant, PASSONI, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.     As detailed above, the Defendant, PASSONI, breached her duty as a reasonably well qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, PASSONI, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and grief as a result of the Decedent, ALFONSO FRANCO's, death.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, REBECCA PASSONI, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XXIV
## WRONGFUL DEATH – 740 ILCS 180/2
## WEXFORD HEALTH SOURCES

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXIV.

94.   At all times relevant to the Complaint, herein, the Defendant, WEXFORD, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.  Further, that no later than September 1, 2011, this relationship and responsibility included persons incarcerated at the Taylorville Correctional Center.

95.   As detailed above, the Defendant, WEXFORD, through the Defendant, PASSONI, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

    (a)   Ignoring or disregarding the serious medical needs of the Decedent;

    (b)   Failing to properly diagnose the Decedent's condition;

    (c)   Failing to properly treat the Decedent's condition;

    (d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

    (e)   Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, PASSONI, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.    The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

98.    WEXFORD is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, PASSONI.

99.    Specifically, that the Defendant, PASSONI, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

100.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XXV
## SURVIVAL ACTION – 755 ILCS 5/27-6
## REBECCA PASSONI
## INDIVIDUAL CAPACITY

1-93.    The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXV.

94.     That on information and belief, the Defendant, PASSONI, was responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.     That as detailed above, the Defendant, PASSONI, breached her duty as a reasonably well qualified nurse to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which she was aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, PASSONI, the Decedent, ALFONSO FRANCO, experienced pain and suffering up until the time of his death on August 8, 2012.

97.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, REBECCA PASSONI, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief that this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT XXVI
### SURVIVAL ACTION – 755 ILCS 5/27-6
### WEXFORD HEALTH SOURCES

1-93.  The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXVI.

94.  As detailed above, the Defendant, WEXFORD, through its relationship with the Defendant, PASSONI, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)  Ignoring or disregarding the serious medical needs of the Decedent;

(b)  Failing to properly diagnose the Decedent's condition;

(c)  Failing to properly treat the Decedent's condition;

(d)  Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)  Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, PASSONI, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

96.     WEXFORD is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, PASSONI.

97.     Specifically, the Defendant, PASSONI, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of her agency or employment.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT XXVII
### WRONGFUL DEATH – 740 ILCS 180/2
### UNKNOWN WEXFORD NURSES JOHN DOE AND JANE DOE 1-25
### INDIVIDUAL CAPACITY

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXVII.

94.     That on information and belief, the Defendants, DOES, were responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.     As detailed above, the Defendants, DOES, breached their duty as reasonably well qualified nurses to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, DOES, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and grief as a result of the Decedent, ALFONSO FRANCO's, death.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court

enter judgment in her favor and against the Defendant, UNKNOWN WEXFORD NURSES JOHN

DOE AND JANE DOES 1-25, as follows:

    A.  Compensatory damages in an amount to be determined at trial;

    B.  Reasonable attorney's fees and costs; and

    C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT XXVIII**
**WRONGFUL DEATH – 740 ILCS 180/2**
**WEXFORD HEALTH SOURCES**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this

Count XXVIII.

94.     At all times relevant to the Complaint, herein, the Defendant, WEXFORD, was

party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to

that contract, was responsible for providing health care to persons incarcerated with the Illinois

Department of Corrections.  Further, that no later than September 1, 2011, this relationship and

responsibility included persons incarcerated at the Taylorville Correctional Center.

95.     As detailed above, the Defendant, WEXFORD, through the Defendants, DOES,

breached its duty to the Decedent by negligently committing one, or more of the following acts or

omissions:

        (a)     Ignoring or disregarding the serious medical needs of the Decedent;

        (b)     Failing to properly diagnose the Decedent's condition;

        (c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendants, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

98.     WEXFORD is party to this Count by virtue of its relationship in *respondeat superior* with the Defendants, DOES.

99.     Specifically, that the Defendants, DOES, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of their agency or employment.

100.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XXIX
## SURVIVAL ACTION – 755 ILCS 5/27-6
## UNKNOWN WEXFORD NURSES JOHN DOE AND JANE DOES 1-25
## INDIVIDUAL CAPACITY

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXIX.

94.   That on information and belief, the Defendants, DOES, were responsible for providing the Decedent, ALFONSO FRANCO, with reasonable medical treatment during his incarceration at the Taylorville Correctional Center.

95.   That as detailed above, the Defendants, DOES, breached their duty as reasonably well qualified nurses to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)   Ignoring or disregarding the serious medical needs of the Decedent;

(b)   Failing to properly diagnose the Decedent's condition;

(c)   Failing to properly treat the Decedent's condition;

(d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)   Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, the Decedent, ALFONSO FRANCO, experienced pain and suffering up until the time of his death on August 8, 2012.

97.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, UNKNOWN WEXFORD NURSES JOHN DOE AND JANE DOE 1-25, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief that this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XXX
## SURVIVAL ACTION – 755 ILCS 5/27-6
## WEXFORD HEALTH SOURCES

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXX.

94.     As detailed above, the Defendant, WEXFORD, through its relationship with the Defendants, DOES, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendants, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 08, 2012.

96.     WEXFORD is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendants, DOES.

97.     Specifically, the Defendants, DOES, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, WEXFORD, and while acting within the scope of their agency or employment.

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, WEXFORD HEALTH SOURCES, as follows:

A.  Compensatory damages in an amount to be determined at trial;

B.  Reasonable attorney's fees and costs; and

C.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT XXXI
### WRONGFUL DEATH – 740 ILCS 180/2
### HEALTH PROFESSIONALS LTD

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXI.

94.     At all times relevant to this Complaint at Law, the Defendant, HEALTH PROFESSIONALS, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.   Further, that this contractual responsibility extended to persons incarcerated at the Taylorville Correctional Center until at least August 31, 2011.

95.     As detailed above, the Defendant, HEALTH PROFESSIONALS, through the Defendant, GONZALES, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

96.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, GONZALES, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

97.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

98.     HEALTH PROFESSIONALS is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, GONZALES.

99.     Specifically, the Defendant, GONZALES, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

100.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

D.  Compensatory damages in an amount to be determined at trial;

E.  Reasonable attorney's fees and costs; and

F.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XXXII
## SURVIVAL ACTION – 755 ILCS 5/27-6

## **HEALTH PROFESSIONALS LTD**

1-93.    The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXII.

94.    As detailed above, the Defendant, HEALTH PROFESSIONALS, through its relationship with the Defendant, GONZALES, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

>    (a)    Ignoring or disregarding the serious medical needs of the Decedent;

>    (b)    Failing to properly diagnose the Decedent's condition;

>    (c)    Failing to properly treat the Decedent's condition;

>    (d)    Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

>    (e)    Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

95.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, GONZALES, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

96.    HEALTH PROFESSIONALS is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, GONZALES.

97.    Specifically, the Defendant, GONZALES, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

66

98.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

D.  Compensatory damages in an amount to be determined at trial;

E.  Reasonable attorney's fees and costs; and

F.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT XXXIII**
**WRONGFUL DEATH – 740 ILCS 180/2**
**HEALTH PROFESSIONALS LTD**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXIII.

94.     At all times relevant to this Complaint at law, the Defendant, HEALTH PROFESSIONALS, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.   Further, that this contractual responsibility extended to persons incarcerated at the Taylorville Correctional Center until at least August 31, 2011.

101.    As detailed above, the Defendant, HEALTH PROFESSIONALS, through the Defendant, WALSH, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

(a)    Ignoring or disregarding the serious medical needs of the Decedent;

(b)    Failing to properly diagnose the Decedent's condition;

(c)    Failing to properly treat the Decedent's condition;

(d)    Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)    Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

102.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, WALSH, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

103.    The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

104.    HEALTH PROFESSIONALS is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, WALSH.

105.    Specifically, the Defendant, WALSH, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

106.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

G.  Compensatory damages in an amount to be determined at trial;

H.  Reasonable attorney's fees and costs; and

I.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

<u>**COUNT XXXIV**</u>
<u>**SURVIVAL ACTION – 755 ILCS 5/27-6**</u>
<u>**HEALTH PROFESSIONALS LTD**</u>

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXIV.

94.     As detailed above, the Defendant, HEALTH PROFESSIONALS, through its relationship with the Defendant, WALSH, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

99.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, WALSH, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

100.     HEALTH PROFESSIONALS is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, WALSH.

101.     Specifically, the Defendant, WALSH, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

102.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

G.  Compensatory damages in an amount to be determined at trial;

H.  Reasonable attorney's fees and costs; and

I.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XXXV
## WRONGFUL DEATH – 740 ILCS 180/2
## HEALTH PROFESSIONALS LTD

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXV.

94.     At all times relevant to this Complaint at law, the Defendant, HEALTH PROFESSIONALS, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.   Further, that this contractual responsibility extended to persons incarcerated at the Taylorville Correctional Center until at least August 31, 2011.

107.    As detailed above, the Defendant, HEALTH PROFESSIONALS, through the Defendant, PASSONI, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

108.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, PASSONI, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

109.    The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

110.    HEALTH PROFESSIONALS is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, PASSONI.

111.    Specifically, the Defendant, PASSONI, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

112.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

J.  Compensatory damages in an amount to be determined at trial;

K.  Reasonable attorney's fees and costs; and

L.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

<u>**COUNT XXXVI**</u>
<u>**SURVIVAL ACTION – 755 ILCS 5/27-6**</u>
<u>**HEALTH PROFESSIONALS LTD**</u>

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXVI.

94.     As detailed above, the Defendant, HEALTH PROFESSIONALS, through its relationship with the Defendant, PASSONI, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

    (a)      Ignoring or disregarding the serious medical needs of the Decedent;

    (b)      Failing to properly diagnose the Decedent's condition;

    (c)      Failing to properly treat the Decedent's condition;

    (d)      Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

    (e)      Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

103.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, PASSONI, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

104.    HEALTH PROFESSIONALS is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, PASSONI.

105.    Specifically, the Defendant, PASSONI, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

106.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

J.   Compensatory damages in an amount to be determined at trial;

K.   Reasonable attorney's fees and costs; and

L.   For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT XXXVII
### WRONGFUL DEATH – 740 ILCS 180/2
### HEALTH PROFESSIONALS LTD

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXVII.

94.   At all times relevant to this Complaint at law, the Defendant, HEALTH PROFESSIONALS, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.   Further, that this contractual responsibility extended to persons incarcerated at the Taylorville Correctional Center until at least August 31, 2011.

113.   As detailed above, the Defendant, HEALTH PROFESSIONALS, through the Defendant, ZUCCO, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

(a)   Ignoring or disregarding the serious medical needs of the Decedent;

(b)   Failing to properly diagnose the Decedent's condition;

(c)   Failing to properly treat the Decedent's condition;

(d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

114.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, ZUCCO, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

115.    The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

116.    HEALTH PROFESSIONALS is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, ZUCCO.

117.    Specifically, the Defendant, ZUCCO, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

118.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

M.  Compensatory damages in an amount to be determined at trial;

N.  Reasonable attorney's fees and costs; and

O.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

**COUNT XXXVIII**
**SURVIVAL ACTION – 755 ILCS 5/27-6**
**HEALTH PROFESSIONALS LTD**

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXVIII.

94.   As detailed above, the Defendant, HEALTH PROFESSIONALS, through its relationship with the Defendant, ZUCCO, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)   Ignoring or disregarding the serious medical needs of the Decedent;

(b)   Failing to properly diagnose the Decedent's condition;

(c)   Failing to properly treat the Decedent's condition;

(d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)   Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

107.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, ZUCCO, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

108.   HEALTH PROFESSIONALS is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, ZUCCO.

109.    Specifically, the Defendant, ZUCCO, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

110.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

M.  Compensatory damages in an amount to be determined at trial;

N.  Reasonable attorney's fees and costs; and

O.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

### COUNT XXXIX
### WRONGFUL DEATH – 740 ILCS 180/2
### HEALTH PROFESSIONALS LTD

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXIX.

94.    At all times relevant to this Complaint at law, the Defendant, HEALTH PROFESSIONALS, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.   Further, that this contractual responsibility extended to persons incarcerated at the Taylorville Correctional Center until at least August 31, 2011.

119.     As detailed above, the Defendant, HEALTH PROFESSIONALS, through the Defendant, EGGIMANN, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

120.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, EGGIMANN, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

121.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

122.     HEALTH PROFESSIONALS is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, EGGIMANN.

123.     Specifically, the Defendant, EGGIMANN, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

124.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

P.   Compensatory damages in an amount to be determined at trial;

Q.   Reasonable attorney's fees and costs; and

R.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XL
## SURVIVAL ACTION – 755 ILCS 5/27-6
## HEALTH PROFESSIONALS LTD

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XXXL.

94.    As detailed above, the Defendant, HEALTH PROFESSIONALS, through its relationship with the Defendant, EGGIMANN, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)    Ignoring or disregarding the serious medical needs of the Decedent;

(b)    Failing to properly diagnose the Decedent's condition;

(c)    Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

111.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, EGGIMANN, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

112.    HEALTH PROFESSIONALS is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, EGGIMANN.

113.    Specifically, the Defendant, EGGIMANN, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

114.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

P.   Compensatory damages in an amount to be determined at trial;

Q.   Reasonable attorney's fees and costs; and

R.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XL1
## WRONGFUL DEATH – 740 ILCS 180/2
## HEALTH PROFESSIONALS LTD

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XL1.

94.     At all times relevant to this Complaint at law, the Defendant, HEALTH PROFESSIONALS, was party to a contractual relationship with the State of Illinois, through IDOC, and that pursuant to that contract, was responsible for providing health care to persons incarcerated with the Illinois Department of Corrections.   Further, that this contractual responsibility extended to persons incarcerated at the Taylorville Correctional Center until at least August 31, 2011.

125.    As detailed above, the Defendant, HEALTH PROFESSIONALS, through the Defendant, SMITH, breached its duty to the Decedent by negligently committing one, or more of the following acts or omissions:

(a)     Ignoring or disregarding the serious medical needs of the Decedent;

(b)     Failing to properly diagnose the Decedent's condition;

(c)     Failing to properly treat the Decedent's condition;

(d)     Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)     Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

126.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the individual Defendant, SMITH, the Decedent, ALFONSO FRANCO, sustained permanent injury and eventual death.

127.     The Decedent's heirs, Laura Mora, Blanca Franco, Monica Franco, N.F., and A.F., have sustained the loss of society and companionship of the Decedent, pain and suffering, future financial support, and other losses as a result of the Decedent, ALFONSO FRANCO's, death.

128.     HEALTH PROFESSIONALS is party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, SMITH.

129.     Specifically, the Defendant, SMITH, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

130.     Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

S.  Compensatory damages in an amount to be determined at trial;

T.  Reasonable attorney's fees and costs; and

U.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

## COUNT XLII
## SURVIVAL ACTION – 755 ILCS 5/27-6

## HEALTH PROFESSIONALS LTD

1-93.   The Plaintiff hereby incorporates paragraph 1-93, above, as and for 1-93 of this Count XLII.

94.   As detailed above, the Defendant, HEALTH PROFESSIONALS, through its relationship with the Defendant, SMITH, breached its duty to the Decedent by negligently committing one, more, or all of the following acts or omissions:

(a)   Ignoring or disregarding the serious medical needs of the Decedent;

(b)   Failing to properly diagnose the Decedent's condition;

(c)   Failing to properly treat the Decedent's condition;

(d)   Failing to provide timely access to adequate medical evaluations and treatment for serious conditions of which they were aware, or should have known; and,

(e)   Otherwise acting negligently towards the Decedent, in disregard of his serious medical needs.

115.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions on the part of the Defendant, SMITH, the Decedent, ALFONSO FRANCO, was caused to experience pain and suffering up until the time of his death on August 8, 2012.

116.   HEALTH PROFESSIONALS is a party to this Count by virtue of its relationship in *respondeat superior* with the Defendant, SMITH.

117.   Specifically, the Defendant, SMITH, performed the acts and omissions complained of while on duty and in the employ or agency of the Defendant, HEALTH PROFESSIONALS, and while acting within the scope of her agency or employment.

118.    Plaintiff's Attorneys' affidavit is attached as Exhibit 1 and is hereby incorporated by reference, in accordance with the Illinois Code of Civil Procedure 735 ILCS 5/2-622(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, LAURA BRITO, as Independent Administrator of the Estate of ALFONSO FRANCO, Deceased, hereby respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant, HEALTH PROFESSIONALS LTD, as follows:

S.   Compensatory damages in an amount to be determined at trial;

T.   Reasonable attorney's fees and costs; and

U.  For such other and further relief as this court deems reasonable.

PLAINTIFF DEMANDS TRIAL BY JURY OF TWELVE.

Respectfully Submitted,
LAURA BRITO, as Administrator
Of the Estate of ALFONSO FRANCO, Decedent


By: _____/s Sarah Noll_____
                Attorney for Plaintiff


Sarah Noll
Shay & Associates
1030 Durkin Dr.
Springfield, IL 62704
(217) 523-5900
(217) 523-5901
Tshay.shayassoc@gmail.com