IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

LAURA BRITO, Independent )
Administrator of the Estate of )
Alfonso Franco, deceased, )
                                       )
            Plaintiff,    )
                                       )
    -vs-                           )     No. 14-cv-3282
                                       )
WEXFORD HEALTH SOURCES, )
INC., et al., )
                                       )
           Defendants.    )

## ORDER AND OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiff's Motion for Transcription of Medical Records Created by the Defendant Rosalina Gonzales (d/e 109) (Motion) and the Response to the Motion (d/e 111) filed by counsel representing Rosalina Gonzales.

## BACKGROUND

Plaintiff has filed a 42-count Amended Complaint alleging constitutional violations and common law tort claims against various defendants for events that occurred at Taylorville Correctional Center where the Plaintiff's decedent Alfonso

1

Franco (Franco) was incarcerated.  The Plaintiff alleges inadequate medical care which led to the death of Franco.

Defendant Dr. Rosalina Gonzales (Gonzales) currently resides in the Philippines.  On June 11, 2015, the Court ordered the parties to confer and select a date and method for taking the deposition of Gonzales in the Philippines.

The Motion indicates that Gonzales created medical records relating to the treatment of Franco which are contained in sealed exhibit (d/e 77).  Docket #77 has been reviewed by the Court and it consists of 260 pages of medical records some of which were prepared by Gonzales.  Plaintiff alleges that portions of the medical records are handwritten and are often illegible.  Plaintiff requests the Court to order Gonzales to prepare a typewritten transcription of her medical records verified by an affidavit executed by Gonzales stating that the transcription comprehensively covers all records created regarding Franco and is accurate and complete.  Counsel for Gonzales objects to the motion.

ORDER

Rule 7.1(B) of the Local Rules of the Central District of Illinois provides that every motion raising a question of law . . . must include a memorandum of law including a brief statement of the specific points or propositions, law, and supporting authorities upon which the moving party relies and identify the rule

under which the motion is filed.  Plaintiff's Motion does not comply with the Local Rule.

The Federal Rules of Civil Procedure provide multiple avenues through which a party can seek information which include depositions by oral examination (Rule 30), depositions by written question (Rule 31), and interrogatories (Rule 34).  The issue raised by the Plaintiff with regard to the medical records can be resolved through the use of any of these means of discovery.  The Plaintiff apparently has not used any of these discovery devices to try to obtain the information she seeks under her Motion regarding the legibility of the medical records.

In the experience of the Court, it is not unusual to encounter medical records with handwritten notations that are difficult to decipher.  To permit a party to require that the medical provider must provide a written transcription of the medical records under oath with a statement that the transcription comprehensively covers all records created by the provider and is accurate and complete would be both unnecessarily duplicative of the existing discovery procedures set forth above and unduly burdensome to the provider.

THEREFORE, IT IS ORDERED that Plaintiff's Motion for Transcription of Medical Records Created by the Defendant Rosalina Gonzales (d/e 109) is DENIED.

ENTERED: June 26, 2015

_____s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE